UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY BALL,<br>      Plaintiff<br><br>      v.<br><br>MICHAEL CHERTOFF, Secretary<br>Department of Homeland Security,<br>      Defendant. | Case 1:07-cv-02193 (RWR) |

## ANSWER

### Affirmative Defenses

The Court lacks jurisdiction over this complaint as Plaintiff Ball failed to make timely contact with an Equal Employment Opportunity Counselor. Thus, Plaintiff Ball has failed to exhaust his administrative remedies.

The complaint fails to state a claim.

The Court lacks jurisdiction over this complaint as the complaint states no employment action which has been taken against Plaintiff Ball, or the denial of a right or benefit to which he is otherwise entitled.

### Jurisdiction

1. This paragraph contains allegations of jurisdiction and venue to which no response is required. To the extent that a response is required, admit that the Secret Service

headquarters are located in Washington, D.C. and deny the remaining allegations in this paragraph.

2. Deny the allegations contained in the first sentence of this paragraph. Admit that Plaintiff was deposed by the Secret Service in the matter of <u>Moore v. Chertoff</u> and deny the remaining allegations in the second sentence of this paragraph. Deny the allegations in the third sentence of this paragraph.

## Parties

3. Admit the allegations contained in this paragraph.

4. Admit the allegations contained in the first two sentences of this paragraph. The third sentence concerns an allegation of jurisdiction to which no response is required. Admit the allegations in the fourth sentence of this paragraph.

## Facts

5. Admit that Plaintiff began employment with the Secret Service as a special agent in 1989. Admit that Plaintiff has no record of formal discipline and has received satisfactory performance appraisals during his employment. Admit that Plaintiff has served in positions on the Vice Presidential Protective Division and on the Presidential Protective Division. Admit that Plaintiff was promoted to the GS-14 level while assigned to the Office of Public Affairs. Admit that Plaintiff was a GS-14 while assigned to the Inspection Division. Deny the remaining allegations in this paragraph.

6. Admit the allegations contained in this paragraph.

7. Admit that Plaintiff contacted an Equal Employment Opportunity (EEO) Counselor on or about May 12, 2005 and filed an Individual Complaint of Employment Discrimination with the Secret Service's Office of Equal Opportunity on August 26, 2005, alleging discrimination on the basis of race in connection with his non selection to the GS-15 level.   Deny any remaining allegations in this paragraph.

8. Admit that in December 2005, Plaintiff was selected for promotion to the position on which he had bid for promotion, the position of Assistant Special Agent in Charge (ASAIC) of the Miami Field Office, GS-15.  Deny the remaining allegations in the first sentence of this paragraph.  Admit the allegations in the second and third sentences of this paragraph.  Admit that the position into which Plaintiff was promoted was located in Miami, Florida.  Aver, that Plaintiff Ball had bid for promotion to the specific position of ASAIC Miami knowing that if selected for promotion, the position required transfer to Miami, Florida.  Further, aver that after being selected for the ASAIC Miami position, Plaintiff Ball had sent an e-mail to a Secret Service supervisor stating that he was "really excited about this assignment."

 9. In regard to the first sentence in this paragraph, admit that in an EEO complaint Plaintiff Ball had made such a general allegation of discrimination.   In regard to the second sentence, admit that Plaintiff Ball's selection for promotion to the ASAIC Miami

position required that he relocate (geographically move) to Miami. Aver, that Plaintiff Ball had bid for the position of ASAIC Miami knowing that the position required a geographic transfer to Miami, Florida, and that after receipt of the promotion to the position of ASAIC Miami he expressed in writing that he was "really excited about this assignment." The Secret Service is without sufficient knowledge or belief to either admit or deny the allegations in the third sentence of this paragraph. Deny the allegations in the fourth sentence of this paragraph.

10. Deny the allegations contained in this paragraph, except to admit that the practice described is established in writing in regard to special agent employees of the Secret Service who are married to another Secret Service special agent.

11. Deny the allegations contained in this paragraph.

12. Admit that Ms. Johnson advised her supervisor, Cedric Sims, that Plaintiff had been selected for promotion to a position in the Miami Field Office. Deny the remaining allegations in this paragraph.

13. In regard to first sentence in this paragraph, admit that then Deputy Assistant Director (DAD) Frank Larkin, was at one time, in the line of command for Plaintiff Ball's wife, further admit that former DAD Anthony Triplett was at one time, in the line of command for Plaintiff Ball's new position in the Miami Field office. Defendant

further admits that Plaintiff Ball spoke to then former DAD Triplet after his promotion to the ASAIC Miami position was announced.  At this time, however, Defendant lacks sufficient information to confirm or deny that any conversation(s) with former DAD Triplett concerning any matter occurred or did not occur prior to Plaintiff Ball placing his home on the market.  At this time, Defendant also lacks sufficient information to confirm or deny whether Plaintiff Ball had conversation(s) with former DAD Larkin, and when any such conversation(s) may have occurred.  In regard to the second sentence in this paragraph defendant lacks sufficient information to confirm or deny any information concerning any conversation(s) between Plaintiff Ball and former DAD Larkin.  Deny the third sentence.

14.  Deny the allegations in this paragraph.

15.  Admit that the Plaintiff and Ms. Johnson sold their home in Washington, DC prior to Plaintiff's transfer to the Miami Field Office, moved into temporary housing, went to Miami for a house hunting trip for which Ms. Johnson used annual leave and entered into a contract and paid a deposit on a new home in the Miami area.  Deny the remaining allegations in the first sentence of this paragraph.  Deny the allegations contained in the second sentence of this paragraph.  Aver that as Ms. Johnson was required to use annual leave to take her house hunting trip, Plaintiff Ball was on notice at this time that Ms. Johnson was not yet been approved for a transfer to Miami, Florida.

16. Admit the allegations in this paragraph.

17. Deny the allegations in this paragraph.

18. Deny the allegations in this paragraph.

19. Deny that William Sims advised Plaintiff that Ms. Johnson's transfer was a done deal. Admit that Cornelius Tate and William Sims spoke on the telephone. Deny any remaining allegations in this paragraph.

20. Deny the first sentence of this paragraph. The Secret Service is without sufficient information or knowledge to admit or deny the second and third sentences of this paragraph. Deny the fourth sentence of this paragraph. Admit the fifth sentence of this paragraph.

21. Admit that Plaintiff's request for a hearing with regard to his 2005 EEO complaint was received by the EEOC on June 12, 2006. Deny any remaining allegations in this paragraph.

22. Deny the allegations contained in this paragraph.

23. Deny the allegations contained in the first three sentences of this paragraph. Admit the allegations contained in the fourth sentence of this paragraph. Deny the allegations contained in fifth sentence of this paragraph.

24. Deny the first sentence in this paragraph.  In regard to the second sentence, in this paragraph, deny that the statement is an example of a "false and shifting" explanation for why Ms. Johnson was not transferred, and/or that it is an example of an "explanation" which is a "pretext for illegal retaliation." Admit, however, that some Secret Service managers were unaware that Plaintiff and Ms. Johnson were married at the time of his promotion to the ASAIC position in the Miami Field Office.  Deny the third sentence of this paragraph except to, admit that some of Plaintiff's and Ms. Johnson's supervisors would have been aware that Plaintiff and Ms. Johnson were married.  Specifically, Defendant avers that on the Vice President's detail, then SAIC Mike Lee, was aware that Plaintiff was married to Ms. Johnson.  Also admit that Ms. Johnson's supervisors Cedric Sims and Cornelius Tate were aware that Ms. Johnson was married to Plaintiff.

25. In regard to the first sentence, deny that the statement set forth in this sentence is "[s]imilarly," an example of a "false and shifting" explanation for why Ms. Johnson was not transferred, and/or that it is an example of an "explanation" which is a "pretext for illegal retaliation."  Deny that the Defendant has stated that "only spouses who are Special Agents are transferred together, not married couples in which one partner is a Special Agent and one partner is a non-Special Agent employee."  Aver, however, that the Defendant only has a written policy concerning the transfer of special agents who are married to other special agents.  Deny the remaining allegations in this paragraph.

26. Admit that Ms. Johnson remains stationed in Washington, D.C. and that Plaintiff is stationed in Miami, Florida.  Deny the remaining allegations in this paragraph.

27. Deny the allegations in this paragraph.

28. Deny the allegations in this paragraph.

29. Deny the first sentence in this paragraph.  Aver that Plaintiff Ball did not contact an EEO Counselor within forty-five days of his being aware of the alleged retaliatory conduct, and thus he had failed to exhaust his administrative remedies.  In regard to the second sentence, admit that Plaintiff contacted an EEO counselor on August 31, 2006 and that he filed an Individual Complaint of Employment Discrimination on November 6, 2006.

## **VIOLATION OF LAW**

### **RETALIATION**

30. Defendant's responses to paragraphs 1-29 are hereby incorporated by reference.

31. Admit that Plaintiff has engaged in protected activity under Title VII of the Civil Rights Act.  Deny the remaining allegations in this paragraph.

The remaining paragraphs and sub-paragraphs (1-6)  are a prayer for relief and a demand for a jury trial to which no response is required.  Insofar as a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**Jury Demand**

Plaintiff's demand for a trial by jury does not require a response from Defendant.

    Respectfully Submitted,

_____
 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney

_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov