UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TONY BALL                                         )
6234 Northwest 102 Way                            )
Parkland, FL 33076,                               )
                                                  )
            Plaintiff                             )
    v.                                            )   Civil Action No.: 07-2193 (RWR)
                                                  )
MICHAEL CHERTOFF, Secretary                       )
Department of Homeland Security,                  )
                                                  )
            Defendant.                            )

PARTIES' JOINT STATEMENT PURSUANT TO LOCAL RULE 16.3(d)

This suit alleges that defendant retaliated against Plaintiff, Special Agent Tony Ball, because of his protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Plaintiff Ball alleges that defendant refused to transfer his wife, Ramona Johnson, to Miami Florida, when he was promoted to that duty station. He alleges that this refusal of transfer, which has kept him physically separated from his wife, was in retaliation for his complaints of race discrimination in employment. Defendant denies that the decision not to transfer Ms. Johnson to Miami was retaliatory.

1.      Status of Dispositive Motions: There is no pending dispositive motion. Plaintiff respectfully suggests that this case is unlikely to be resolved by dispositive motion. Defendant believes that this case will be properly resolved by a motion for summary judgment, after the close of discovery.

30507591v2

2.      Joinder of Parties:  The parties do not anticipate joinder of any additional parties to this action, however, Plaintiff Ball believes that this case should be consolidated with *Johnson v. Chertoff*, 07-2192, which was filed the same day and which involves the same facts at issue.  Defendant does not object to this case being consolidated with *Johnson v. Chertoff*, 07-2192.

3.      Magistrate Judge:  Plaintiff consents to the referral of any discovery matters and non-dispositive motions to a Magistrate Judge, and notes that Magistrate Judge Robinson has extensive experience with discovery issues involving the Secret Service from her involvement in *Moore, et al, v. Chertoff*, C.A. 00-953 (RWR).  Defendant does not consent to the referral of this case, including discovery matters, to a Magistrate Judge.  Defendant further notes that this case is not related to *Moore, et al. v. Chertoff*, No. 00-953.

4.      Settlement:   The parties believe that there is a possibility of settlement at this time, and think that this case could benefit from mediation at this juncture.

5.      ADR:   The parties believe that this case would benefit from ADR at this time.

6.      Dispositive Motions:  Defendant believes that this case will be resolved by a motion for summary judgment, after the close of discovery.  Plaintiff does not agree.

7.      Initial Disclosures: At this juncture, the parties waive the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1), because these same matters have already been exchanged in the administrative phase of this case.

8.      Protective Order:  The parties have not agreed upon the terms of any protective order.  Plaintiff does not believe that a protective order would be needed for most of the

discovery at issue in the case. Defendant believes that the parties should work together to agree on a protective order in this case.

9. <u>Discovery</u>: The parties do not believe that any modifications to the discovery permitted by the Federal Rules of Civil Procedure or the Local Rules of this Court are necessary at this time. The parties propose that the following discovery schedule should be implemented:

**Plaintiff's Identification of Experts**: 60 days following the initiation of discovery

**Defendant's Identification of Experts**: 120 days following Court's ruling

**Discovery Closes**: 180 days following the initiation of discovery

**Dispositive Motions Deadline**: 30 days after the close of discovery

**Opposition to Dispositive Motions**: 30 days from the filing of any dispositive motion

**Reply**: 30 days from the filing of any Opposition papers

10. <u>Class Action Procedure</u>: Not applicable.

11. <u>Bifurcation</u>: The parties do not anticipate any bifurcation of this case.

12. <u>Pretrial Conference</u>: Plaintiff proposes that a pretrial conference be scheduled at the earliest possible date consistent with this schedule. Defendant does not believe that a pretrial conference should be scheduled until after the Court has decided all dispositive motions.

13. <u>Trial Date</u>: Plaintiff proposes that a trial be scheduled at the earliest possible date consistent with this schedule. Defendant believes that this case may be resolved by a motion for

summary judgment. If necessary, Defendant believes that a trial date should be set at the pretrial conference.

14. The parties are not aware of any additional matters that require inclusion in the scheduling order.

Respectfully Submitted,

/s/_____
Richard A. Salzman (#422497)
Douglas B. Huron (#89326)
HELLER, HURON, CHERTKOF,
LERNER, SIMON & SALZMAN
1730 M Street, NW, Suite 412
Washington, DC 20036
Counsel for Plaintiff

_____
Jeffrey E Taylor (#498610)
United States Attorney

_____
Rudolph Contreras (#434112)
Assistant United States Attorney

/s/_____
Harry B. Roback (#485145)
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530

Counsel for Plaintiff

Counsel for Defendant